OHIO STATE BAR ASSOCIATION *v.* LIENGUARD, INC. ET AL.

[Cite as *Ohio State Bar Assn. v. Lienguard, Inc.*,

126 Ohio St.3d 400, 2010-Ohio-3827.]

*Unauthorized practice of law — Preparing mechanic's liens on behalf of others without the supervision of a licensed attorney — Consent decree — Injunction imposed.*

(No. 2010-0796 — Submitted May 26, 2010 — Decided August 25, 2010.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 09-03.

_____

**Per Curiam.**

**{¶ 1}** Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended our approval of a consent decree proposed by relator, Ohio State Bar Association, and respondents, Lienguard, Inc., and Allan R. Popper. We accept the board's recommendation and approve the proposed consent decree submitted by the parties, as follows:

**{¶ 2}** "1. The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice law in Ohio. Gov.Bar R. VII(2)(A).

**{¶ 3}** "2. With limited exception, a corporation may not give legal advice to another, directly or indirectly, through its employees or attorney employees. *Judd v. City Trust & Savings Bank* (1937), 133 Ohio St. 81, 88 [10 O.O. 95, 12 N.E.2d 288].

**{¶ 4}** "3. The practice of law encompasses the preparation of legal documents and instruments upon which legal rights are secured and advanced.

*Lorain County Bar Association v. Kocak*, 121 Ohio St.3d 396 [2009-Ohio-1430, 904 N.E.2d 885, ¶ 17].

{¶ 5}  "4.  The practice of law is not limited to the conduct of cases in court, but embraces the preparation of pleadings and other papers incident to actions, the management of such actions, and in general all advice to clients and all action taken for them in matters connected with the law.  *Cincinnati Bar Association v. Foreclosure Solutions, LLC*, 123 Ohio St.3d 107 [2009-Ohio-4174, 914 N.E.2d 386, ¶ 21].

{¶ 6}  "5.  Nonlawyers engage in the unauthorized practice of law when attempting to represent others' legal interests and advise others of their legal rights during settlement negotiations.  *Id.* at [¶ 25].

{¶ 7}  "6.  The unauthorized practice of law also occurs when a non-attorney acts as an intermediary to advise, counsel, or negotiate on behalf of an individual or business in an attempt to resolve a collection claim between debtors and creditors.  *Id.* [at ¶ 26].

{¶ 8}  "7.  Lay persons cannot insulate themselves from responsibility for engaging in the unauthorized practice of law by using powers of attorney executed by customers or by simply informing customers that the layperson is not an attorney and is, therefore, incapable of giving legal advice.  *Id.* [at ¶ 27].

{¶ 9}  "8.  Thus, a general power of attorney does not grant authority to prepare and file papers in court on another's behalf.  *Lorain County Bar Association v. Kocak*, 121 Ohio St.3d 396 [2009-Ohio-1430, 904 N.E.2d 885, ¶ 18].

{¶ 10} "9.  Ohio Revised Code § 4705.01 provides:  'No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct or defend any action or proceeding in which the person is not a party concerned * * * unless the person has been admitted to the bar by order of the supreme court in compliance with its prescribed and published rules.'

**{¶ 11}** "10. When a person not admitted to the Ohio bar attempts to represent another on the basis of a power of attorney, he is in violation of Ohio Revised Code § 4705.01. *Disciplinary Counsel v. Brown*, 121 Ohio St.3d 423 [2009-Ohio-1152, 905 N.E.2d 163, ¶ 11].

**{¶ 12}** "11. Preparing an affidavit for mechanic's lien or in satisfaction of mechanic's lien is the unauthorized practice of law. *Id.* at [¶ 16].

**{¶ 13}** "12. Thus, advising others of their legal rights and responsibilities is the practice of law, as is the preparation of legal pleadings and other legal papers without the supervision of an attorney licensed in Ohio. *Id.* at [¶ 41].

**{¶ 14}** "13. Respondents admit the allegations of the Complaint filed in this matter.

**{¶ 15}** "14. Respondents further admit that they are not, and have never been, authorized to practice law in the State of Ohio.

**{¶ 16}** "15. In addition to the events described in the Complaint, Respondents also prepared and filed an Affidavit for Mechanic's Lien on behalf of Plibrico Sales & Service Inc. against Ohio Valley Aluminum Company, LLC. * * *

**{¶ 17}** "16. By preparing, signing, filing and pursuing affidavits of mechanic's liens for third-parties in the State of Ohio, Respondent's engaged in the unauthorized practice of law.

**{¶ 18}** "17. Respondents Lienguard, Inc. and Allan R. Popper, as well as their successors, affiliates, assigns, officers, members, agents, representatives and employees have ceased preparing, signing, filing and pursuing affidavits of mechanic's liens for third-parties in the State of Ohio, and are hereby permanently enjoined from preparing, signing, filing and pursuing affidavits of mechanic's liens in the State of Ohio and from otherwise engaging in the unauthorized practice of law in the State of Ohio.

**{¶ 19}** "18. The factors in Gov.Bar R. VII(8)(B) apply as follows:

**{¶ 20}** "(a)  Respondents have cooperated in the investigation of this matter;

**{¶ 21}** "(b)  Respondents engaged in the conduct under review on a number of occasions, but under the mistaken belief that such conduct did not constitute the unauthorized practice of law in Ohio;

**{¶ 22}** "(c)  Respondents' conduct was flagrant, but again based upon the mistaken belief that such conduct did not constitute the unauthorized practice of law in Ohio; and

**{¶ 23}** "(d)  Third parties may or may not have suffered harm from such conduct, to the extent that third parties have hired counsel to negotiate or defend against such mechanic's liens.

**{¶ 24}** "19.  Other relevant factors are set forth in UPL Reg. 400 and Gov.Bar R. VII(8)(B), which allow for consideration of aggravation and mitigating factors."

**{¶ 25}** The parties submit that the aggravating factors should be analyzed as follows:

**{¶ 26}** "*Whether respondent has previously engaged in the unauthorized practice of law.*  Although multiple instances of the unauthorized practice of law occurred over a period of time, such instances were based upon Respondents' mistaken belief that such conduct was not the practice of law, and not based upon any dishonesty, ill intent or malicious purpose." See UPL Reg. 400(F)(3)(a).

**{¶ 27}** "*Whether respondent has previously been ordered to cease engaging in the unauthorized practice of law.*  Respondents submit that they have not previously been ordered to cease engaging in the unauthorized practice of law."  See UPL Reg. 400(F)(3)(b).

**{¶ 28}** "*Whether respondent had been informed prior to engaging in the unauthorized practice of law that the conduct at issue may constitute an act of the unauthorized practice of law.*  Respondents had not been so informed.  To the

contrary, Respondent's had been under the honest but mistaken belief that such conduct did not constitute the practice of law." See UPL Reg. 400(F)(3)(c).

{¶ 29} "*Whether respondent has benefited from the unauthorized practice of law and, if so, the extent of such benefit.* Respondents have benefited from the conduct under review, in that Respondents' customers paid for such services. However, the amount of such benefit is indeterminable." See UPL Reg. 400(F)(3)(d).

{¶ 30} "*Whether respondent's unauthorized practice of law included an appearance before a court or other tribunal.* Respondents did not appear before a court or other tribunal." See UPL Reg. 400(F)(3)(e).

{¶ 31} "*Whether respondent's unauthorized practice of law included preparation of a legal instrument for filing with a court or other governmental entity.* Respondents' conduct involved the preparation, signing, filing and pursuing of mechanic's liens in the State of Ohio, which documents were filed with the various county recorder's offices in the State of Ohio." See UPL Reg. 400(F)(3)(f).

{¶ 32} "*Whether respondent has held himself or herself out as being admitted to practice law in the State of Ohio, or whether respondent has allowed others to mistakenly believe that he or she was admitted to practice law in the State of Ohio.* Respondents did not hold themselves out as being admitted to practice law in the State of Ohio, and there is no indication of any third party mistakenly believing that Respondents were admitted to practice law in the State of Ohio." See UPL Reg. 400(F)(3)(g).

{¶ 33} The parties also submit the following analysis of the relevant mitigating factors:

{¶ 34} "*Whether respondent has ceased engaging in the conduct under review.* Respondents have ceased engaging in the conduct under review." See UPL Reg. 400(F)(4)(a).

**{¶ 35}** "*Whether respondent has admitted or stipulated to the conduct under review.*  As reflected by the * * * Revised Proposed Consent Decree, Respondents have admitted and stipulated to the conduct under review."  See UPL Reg. 400(F)(4)(b).

**{¶ 36}** "*Whether respondent has admitted or stipulated that the conduct under review constitutes the unauthorized practice of law.*  Respondents have * * * also stipulated and admitted that the conduct under review constitutes the unauthorized practice of law in the State of Ohio."  See UPL Reg. 400(F)(4)(c).

**{¶ 37}** "*Whether respondent has agreed or stipulated to the imposition of an injunction against future unauthorized practice of law.*  Respondents have further agreed to imposition of an injunction against the preparation, signing, filing and pursuing of mechanic's liens, as well as against future unauthorized practice of law."  See UPL Reg. 400(F)(3)(d).

**{¶ 38}** "*Whether respondent's conduct resulted from a motive other than dishonest or personal benefit.*  Although the conduct under review resulted from a motive of personal benefit, i.e. a for profit business enterprise, Respondents honestly but mistakenly believed that the conduct did not constitute the unauthorized practice of law.  Further, Respondents did not engage in dishonesty."  See UPL Reg. 400(F)(3)(e).

**{¶ 39}** "*Whether respondent has engaged in a timely good faith effort to make restitution or rectify the consequences of the unauthorized practice of law.*  None of Respondents' customers have reported any adverse consequences.  Further, by agreeing to cease such conduct and to the imposition of an injunction from any such conduct in the future, Respondents have engaged in a good faith effort to rectify the root of the issue."  See UPL Reg. 400(F)(3)(f).

**{¶ 40}** "*Whether respondent has had other penalties imposed for the conduct at issue.*  Respondents have not had other penalties imposed for the conduct at issue."  See UPL Reg. 400(F)(3)(g).

**{¶ 41}** Based upon this balancing of the aggravating and mitigating factors, the parties agreed that a civil penalty should not be imposed. The parties also agreed that because no costs were incurred by either party, costs would not be assessed on either party.

So ordered.

BROWN, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Al A. Mokhtari and Eugene P. Whetzel, for relator.

Allan R. Popper, pro se.

_____