**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Wishgard, L.L.C.,* Slip Opinion No. 2015-Ohio-4309.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-4309

OHIO STATE BAR ASSOCIATION *v.* WISHGARD, L.L.C., ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Ohio State Bar Assn. v. Wishgard, L.L.C.,* Slip Opinion No. 2015-Ohio-4309.]**

*Unauthorized practice of law—Negotiating oil and gas leases on behalf of landowners and providing legal advice—Consent decree approved—Injunction issued.*

(No. 2015-0921—Submitted June 24, 2015—Decided October 21, 2015.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 14-04.

_____

**Per Curiam**.

{¶ 1} Pursuant to Gov.Bar R. VII(5b), the Board on the Unauthorized Practice of Law has recommended that we approve a consent decree proposed by relator, Ohio State Bar Association ("OSBA"), and respondents, Wishgard, L.L.C.,

and Edward Tygard. We accept the board's recommendation and approve the proposed consent decree as submitted by the parties as follows:

1. OSBA is a Bar Association whose members include attorneys-at-law admitted to the practice of law in Ohio and who practices throughout the State of Ohio. OSBA, through its Unauthorized Practice of Law Committee, is authorized by Gov.Bar R. VII to file a Complaint with the Board regarding the unauthorized practice of law.

2. Respondent Wishgard, LLC ("Wishgard") is a foreign limited liability company incorporated in Pennsylvania with its headquarters at 145 Vanceville Road, Eighty Four, PA 15330 and with a place of business at 104 West Main Street, Baltic, OH 43804. Wishgard transacts business in Ohio.

3. At all relevant times, Respondent Edward Tygard was an employee, agent, and managing member of Wishgard, LLC.

4. Respondents are not attorneys-at-law in the State of Ohio admitted pursuant to Gov.Bar R. I, registered pursuant to Gov.Bar R. VI, or certified pursuant to Gov.Bar R. II, IX, or XI.

5. Wishgard began operations in 2010 and, at that time, its business was aimed at assisting landowners to organize into groups and negotiate terms of oil and gas leases with third-party lessees. During this process, Wishgard and landowners would enter into Agreements to Market Oil and Gas Rights. The Agreement to Market Oil and Gas Rights attached to OSBA's Complaint as Exhibit A is a true and accurate copy of a blank/sample Agreement. Pursuant to those Agreements, Wishgard negotiated oil and gas leases with third-parties on behalf of its landowner-clients.

Wishgard received compensation for their services under the terms of those Agreements.

6. During 2010, Wishgard also held group meetings with landowners to educate them about the oil and gas leasing process and to offer their services. At certain times during those meetings, Edward Tygard, as a representative of Wishgard, held in-person meetings with landowners about potential oil and gas leases and answered specific questions about the terms of potential leases and the landowners' potential legal rights and duties under the terms of the proposed leases.

7. On or around January 25, 2011, Respondents received a letter from OSBA advising them that it received a complaint and information indicating that they had engaged in the unauthorized practice of law.

8. Respondents promptly responded to that letter.

9. Upon receipt of the letter from OSBA, Respondents also ceased negotiating oil and gas leases on behalf of landowners and, instead, began executing leases with landowners directly, with Wishgard as the named lessee therein.

10. Respondents also immediately stopped providing legal advice to landowners.

11. Therefore, since early 2011, Respondents have not engaged in the unauthorized practice of law.

* * *

12. R.C. 4705.01 provides: "No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct or defend any action or proceeding in which the person is not a party concerned * * * unless the person has been admitted to

the bar by order of the supreme court in compliance with its prescribed and published rules."

13. The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice law in Ohio.  Gov.Bar R. VII(2)(A).

14. The practice of law is not limited to the conduct of cases in court, but embraces advice to clients regarding their legal rights and responsibilities.  *Ohio State Bar Assn. v. Leingard, Inc.,* 126 Ohio St.3d 400, 934 N.E.2d 337 (2010); *Cincinnati Bar Assn. v. Foreclosure Solutions, LLC,* 123 Ohio St.3d 107, 914 N.E.2d 386 (2009); *Disciplinary Counsel v. Brown*, 121 Ohio St.3d 423, 905 N.E.2d 163 (2009).

15. The unauthorized practice of law also occurs when a nonattorney acts as an intermediary to advise, counsel, or negotiate on behalf of an individual to resolve legal claims and interests with third parties.  See, *Ohio State Bar Assn. v. Kolodner,* 103 Ohio St.3d 504, 817 N.E.2d 25 (2004).

\* \* \*

16. OSBA and Respondents have agreed that the conduct described in paragraphs five and six herein, namely, providing legal advice to others and negotiating with oil and gas lessees on behalf of landowners constitute the unauthorized practice of law.

17. Respondents Wishgard, LLC and Edward Tygard, as well as their successors, affiliates, assigns, officers, members, agents, [and] representatives have ceased engaging in the conduct described above, they shall not engage in such conduct in the future, and they are hereby permanently enjoined from engaging in such

conduct in the future and from otherwise engaging in the unauthorized practice of law in the State of Ohio.

18. The parties jointly recommend that no civil penalty be imposed against Respondents. The factors of Gov.Bar R. VII(8)(B) apply as follows:

(1) *The degree of cooperation provided by the respondent in the investigation:* Respondents have cooperated fully in both the pre-filing and post-filing investigation of this matter. They promptly ceased all conduct that allegedly constituted the unauthorized practice of law upon receiving notice from OSBA in early 2011.

(2) *The number of occasions that unauthorized practice of law was committed:* the unauthorized practice of law occurred over a matter of a few months and in a limited geographical area. OSBA received one complaint and the number of victims identified at this time is fewer than five.

(3) *The flagrancy of the violation:* the violation was unknowing or unwitting, it did not include actual in-court representation or filings, and is far from the most severe, deliberate, ill-willed, or damaging conduct OSBA and the Board have seen.

(4) *Harm to third parties arising from the offense:* the victims and complainants have not presented information to show that they were damaged by Respondent's legal advice or negotiations.

(5) *Any other relevant factors:* after the occurrence of the conduct described above and after ceasing to engage in the conduct following receipt of the notice from the OSBA, Wishgard was the subject of bankruptcy proceedings in the United States

Bankruptcy Court for the Western District of Pennsylvania, Case No. 13-20613-CMB. Wishgard emerged from bankruptcy as a reorganized company by a plan of reorganization confirmed January 30, 2014, effective April 7, 2014.

19. Respondent cooperated throughout the investigation, admitted to the unauthorized practice of law, and agreed to cease the activity. Therefore, the Panel agrees with Relator that civil penalties are not warranted.

* * *

Relator states that no costs have been incurred.

So ordered.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., dissents.

_____

Patrick W. Skilliter, Eugene P. Whetzel, and Jean Desiree Blankenship, for relator.

Vorys, Sater, Seymour & Pease, L.L.P., Timothy B. McGranor, and Timothy J. Cole, for respondents.

_____