[Cite as *State v. Handcock*, 2011-Ohio-2559.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :            C.A. CASE NO.    2010 CA 76

v.                                               :            T.C. NO.    08CR166

JAMES HANDCOCK                                   :            (Criminal appeal from
                                                              Common Pleas Court)
    Defendant-Appellant               :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____27th____ day of ____May____, 2011.

. . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. No. 0082121, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

JAMES HANDCOCK, #587-233, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  Defendant-appellant James Handcock appeals, pro se, from a decision of the Clark County Court of Common Pleas overruling his post-conviction motion to vacate a void sentence pursuant to R.C. 2953.08(A)(4).  Handcock filed his motion to vacate on June

2, 2010. The trial court overruled Handcock's motion in a judgment entry filed on July 16, 2010. Handcock filed a timely notice of appeal with this Court on August 10, 2010.

I

**{¶ 2}** We initially note that the instant case has already been the subject of a direct appeal before this Court in *State v. Handcock*, Clark App. No. 2008 CA 85, 2009-Ohio-4327 (hereinafter "*Handcock I*"). Thus, we set forth the history of the case in *Handcock I*, and repeat it herein in pertinent part:

**{¶ 3}** "Thomas Benner, Robert Camp and Robert Dawes stopped at a Speedway gas station for gasoline and coffee while on the way to work. Benner went inside where he saw Handcock, who raised his shirt and showed Benner a handgun that was apparently in a holster. Benner left the store and returned to the car where he waited for the driver Robert Camp to pay for the gas.

**{¶ 4}** "Handcock also left the store and sat down next to his car, which had broken down near the gas pumps. Just before Camp's car left the gas station, Benner and Handcock exchanged stares and perhaps some words. Then Handcock ran toward the car and started firing the gun.

**{¶ 5}** "At trial, Thomas Benner testified the three men stopped at the gas station for coffee and gas. Benner went into the store, where he saw Handcock standing near the ATM. Benner stated Handcock lifted his shirt and showed Benner a handgun. Benner then walked out of the store and went to Camp's car. After Camp paid for the gas, they started to leave and Benner stared at Handcock, who was sitting near his disabled vehicle. According to Benner, Handcock responded by yelling, 'What, mother fucker!' and drawing the pistol.

Benner testified, 'He started coming at me with the gun, holding it sideways and shooting at me.' In response to the question, 'You are certain he was shooting at you?', Benner answered, 'Yeah.' When subsequently asked if he saw Handcock pointing the gun at him, Benner indicated, 'Yes.' He also testified, 'and he wasn't shooting at no air either.'

{¶ 6} "Robert Camp, the driver of the car testified he saw Handcock in the rearview mirror as they were attempting to get away from him. In response to an inquiry about whether he saw Handcock point the gun at the car, Camp responded, 'Yeah(.)'.

{¶ 7} "The third passenger, Robert Dawes, did not see any of the shooting because he was lying down in the front seat after the incident started."

{¶ 8} Handcock was subsequently indicted on February 16, 2008, and charged with three courts of felonious assault, one count of discharge of a firearm on or near a prohibited premises, one count of having weapons while under disability, one count of carrying a concealed weapon, and one count of tampering with evidence. A jury trial was held on August 21 & 22, 2008. The counts of tampering with evidence and discharging a firearm on or near a prohibited premises were dismissed during trial before the case was submitted to the jury. Following the trial, Handcock was found guilty of one count of felonious assault with a firearm specification, one count of having weapons while under disability, and one count of carrying a concealed weapon. The trial court sentenced Handcock to eight years in prison for the felonious assault, five years for having weapons while under disability, and eighteen months for carrying a concealed weapon. The court sentenced Handcock to serve three years for the firearm specification prior to and consecutive with the sentence for felonious assault. Additionally, the court ordered the sentences to be served

consecutively for an aggregate term of seventeen and one-half years.

{¶ 9} Handcock appealed, arguing that his conviction for felonious assault was not supported by sufficient evidence and/or was against the manifest weight of the evidence. We subsequently affirmed his conviction and sentence in *Handcock I*, decided on August 21, 2009.

{¶ 10} On June 2, 2010, Handcock filed a post-conviction motion to vacate a void sentence. In the motion, Handcock argued that his sentence was void because the trial court imposed consecutive sentences without making the proper findings under R.C. 2929.14(E)(4). Handcock also argued at the trial level that his sentence was void because the court did not correctly inform him regarding post-release control at the sentencing hearing. In the alternative, Handcock argued that his sentences for having weapons while under disability and carrying a concealed weapon were void because the two charges were allied offenses of similar import and should have merged for the purposes of sentencing. In a judgment entry filed on July 16, 2010, the trial court overruled Handcock's motion to vacate.

{¶ 11} It is from this judgment that Handcock now appeals.

II

{¶ 12} Handcock's first assignment of error is as follows:

{¶ 13} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE VOID SENTENCE WHEN THE SENTENCE IMPOSED DOES NOT COMPORT WITH THE GENERAL ASSEMBLY'S REQUIREMENT SET FORTH IN OHIO REVISED CODE 2929.14(E)(4)."

{¶ 14} The findings requirement for imposing consecutive sentences in R.C. 2929.14(E)(4) was severed from that section by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. Handcock argues that *Foster's* holding in that respect was effectively overruled by *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, and that as a result the findings requirements of R.C. 2929.14(E)(4) have been revived. Handcock's argument was recently rejected by Ohio Supreme Court in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320.

{¶ 15} Handcock's first assignment of error is overruled.

III

{¶ 16} Handcock's second and final assignment of error is as follows:

{¶ 17} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION WHEN IT FAILED TO ENFORCE THE STATE TO COMPORT WITH THE GENERAL ASSEMBLY'S REQUIREMENT SET FORTH IN OHIO REVISED CODE 2901.21(B)."

{¶ 18} In his final assignment, Handcock argues that his sentence is void because Count IV, the charge for discharging a firearm on or near a prohibited premises in violation of R.C. 2923.162, did not include the requisite mental state.

{¶ 19} Initially, we note that Count IV in Handcock's indictment was dismissed during trial before the case was submitted to the jury, thus, he was not convicted of discharging a firearm on or near a prohibited premises. Therefore, any alleged defect in the indictment regarding Count IV had no effect on the sentence that was ultimately imposed and does not render Handcock's sentence void.

{¶ 20} In his reply brief, Handcock argues that the omission of a material element of

a count in an indictment renders the entire indictment void. In support of his assertion, Handcock cites two cases, *Harris v. State* (1932), 125 Ohio St. 257, and *State v. Keplinger*, Madison App. No. CA2002-07-013, 2003-Ohio-3447. Upon review, we find that neither *Harris* nor *Keplinger* require an indictment containing multiple counts to be dismissed in its entirety if only one of the counts is later found to be defective. In fact, in *Keplinger*, the court affirmatively stated that its reversal of one count of aggravated drug trafficking did not affect the defendant's convictions for the remaining counts in the indictment. As in the instant case, the dismissal or reversal of one count in a multiple count indictment did not render the entire indictment void. Thus, we find that the trial court did not err when it overruled Handcock's motion to vacate his sentence in this respect.

{¶ 21} Handcock's final assignment of error is overruled.

IV

{¶ 22} All of Handcock's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and KLINE, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Andrew R. Picek
James Handcock
Hon. Douglas M. Rastatter