[Cite as *State v. Handcock*, 2013-Ohio-3275.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2012-CA-87 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 08-CR-166 |
| v. | : | |
| | : | |
| JAMES HANDCOCK, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 26th day of July, 2013.

. . . . . . . . . . .

LISA FANNIN, Atty. Reg. #0082337, 50 East Columbia Street, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

JAMES EDWARD HANDCOCK, JR., #587-233, P.O. Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Defendant-appellant James Edward Handcock, Jr., appeals from an order of the trial court overruling his motion to correct a void sentence.   Handcock's claim is based upon the fact that the verdict form, signed by the jury, convicting him of Carrying a Concealed Weapon

neither stated the degree of the offense nor stated the factual finding – either that the firearm was loaded or that the defendant had ammunition ready at hand – making it a fourth-degree felony. The error made the defendant's conviction and sentence for Carrying a Concealed Weapon as a fourth-degree felony merely voidable, not void, as defendant contends. Therefore, the claim could have been raised in Handcock's direct appeal. Because Handcock could have raised this issue in his direct appeal, but did not, it is barred by res judicata.

## I.  The Course of Proceedings

{¶ 2}    In 2008, Handcock was charged by indictment with three counts of Felonious Assault, one count of Discharging a Firearm on or Near Prohibited Premises, one count of Having Weapons While Under a Disability, one count of Carrying a Concealed Weapon, and one count of Tampering with Evidence.  At trial, the State dismissed the Tampering with Evidence charge, and the trial court dismissed the Discharging a Firearm charge.

{¶ 3}    Following a jury trial, Handcock was acquitted of two of the Felonious Assault charges, but was convicted of one count of Felonious Assault, with a firearm specification, one count of Having Weapons While Under a Disability, and one count of Carrying a Concealed Weapon.  He was sentenced to eight years for Felonious Assault, three years on the firearm specification, five years for Having Weapons While Under a Disability, and eighteen months for Carrying a Concealed Weapon, all to be served consecutively, for a total sentence of 17½ years.

{¶ 4}    Handcock appealed from his conviction and sentence.  We affirmed. *State v. Handcock*, 2d Dist. Clark No. 2008 CA 85, 2009-Ohio-4327 (*Handcock I*).

{¶ 5}    In 2010, Handcock moved to vacate a void sentence.  He contended that his

sentence was void because: (1) the trial court failed to make statutory findings before imposing consecutive sentences; and (2) Handcock was not correctly informed at sentencing regarding post-release control.   The trial court overruled this motion.   Handcock appealed.   We affirmed. *State v. Handcock*, 2d Dist. Clark No. 2010 CA 76, 2011-Ohio-2559 (*Handcock II*).

{¶ 6}    In 2012, Handcock filed the motion to vacate a void sentence that is the subject of this appeal.   In it, he points out that the verdict form for the Carrying a Concealed Weapon offense neither specifies the degree of the offense, nor sets forth facts making it a fourth-degree felony, as opposed to a first-degree misdemeanor, the default for Carrying a Concealed Weapon. R.C. 2923.12(F)(1).   He contends that his trial counsel was ineffective for having failed to raise this issue at trial, rendering void his conviction for Carrying a Concealed Weapon as a fourth-degree felony.

{¶ 7}    The trial court overruled Handcock's motion.   He appeals.

## II.   The Error in the Verdict Form Rendered Handcock's Conviction Voidable, Not Void; Therefore, his Claim Is Barred by Res Judicata

{¶ 8}    Handcock's sole assignment of error is as follows:

> WHETHER TRIAL ATTORNEY WAS INEFFETIVE [sic] FOR FAILURE TO OBJECT TO THE TRIAL COURT ERRED [sic] IN SENTENCING APPELLANT FOR A FELONY INSTEAD OF A MISDEMEANOR.

{¶ 9}    R.C. 2923.12(F)(1) provides that the offense of Carrying a Concealed Weapon is a first-degree misdemeanor unless one of several fact patterns apply, in which event it is a

fourth-degree felony[1]:

> Except as otherwise provided in this division or division (F)(2) of this section, if the offender previously has been convicted of a violation of this section or of any offense of violence, if the weapon involved is a firearm that is either loaded or for which the offender has ammunition ready at hand, or if the weapon involved is dangerous ordnance, carrying concealed weapons in violation of division (A) of this section is a felony of the fourth degree.

{¶ 10} Although the indictment did not specify the degree of the offense, it did allege the loaded-or-ammunition-ready-at-hand fact pattern:

> On February 16, 2008, at Clark County, Ohio JAMES EDWARD HANDCOCK Jr., did knowingly carry or have concealed on his person, or concealed ready at hand, a deadly weapon or dangerous ordinance [sic], to-wit: a 9mm Ruger handgun, and that said weapon was loaded or the ammunition was ready at hand, in violation of section 2923.12 of the Ohio Revised Code.

{¶ 11} The verdict form, signed by all twelve jurors, neither specified the degree of the offense nor set forth the statutory aggravating facts:

> We, the jury, being duly impaneled and sworn, do find the defendant, James Handcock, Jr., ___guilty___ of carrying a concealed weapon pursuant to Ohio Revised Code Section 2923.12.

{¶ 12} Handcock cites *State v. Pelfrey*, 112 Ohio S.3d 422, 2007-Ohio-256, 860 N.E.2d 735, for the proposition that the error in the verdict form renders the judgment convicting him of

---

[1] Another fact pattern, not relevant to this appeal, would make CCW a third-degree felony.

Carrying a Concealed Weapon as a felony of the fourth degree not merely voidable, but void. *Pelfrey* involved a direct appeal from a conviction for Tampering with Records, in which neither the degree of the offense nor the statutory aggravating facts were set forth in the jury verdict form. We had held in that case that this was plain error, not requiring any objection from the defendant to preserve the issue for appeal, and that the proper remedy was to remand the cause to the trial court to enter the conviction for the default degree of the offense, as a first-degree misdemeanor. The Supreme Court of Ohio agreed, and affirmed. *Pelfry, supra*.

{¶ 13} We have searched the opinion in *Pelfrey* for anything therein suggesting that the error in the verdict form rendered the judgment of conviction not merely voidable, but void. Caution should be exercised in expanding the class of judicial errors that are deemed to render judgments not merely voidable, but void. Otherwise, settled judgments could be vacated years later, when witnesses have moved, or their memories have faded.

{¶ 14} The error in the verdict form of which Handcock complains could, and should, have been raised in his direct appeal. It was not; therefore, this claim is barred by res judicata.

{¶ 15} Handcock's sole assignment of error is overruled.


### III. Conclusion

{¶ 16} Handcock's sole assignment of error having been overruled, the order of the trial court overruling his motion to vacate a void judgment is Affirmed.

. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.

Copies mailed to:

Lisa Fannin
James Edward Handcock, Jr.
Hon. Douglas M. Rastatter