CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* BOYD.

[Cite as *Cleveland Metro. Bar Assn. v. Boyd,*
121 Ohio St.3d 36, 2009-Ohio-305.]

(No. 2008–1560—Submitted October 1, 2008—Decided February 3, 2009.)

———————————

**Per Curiam.**

{¶ 1} Relator, Cleveland Bar Association, has charged that respondent, Leon Boyd of Cleveland, Ohio, engaged in the unauthorized practice of law by preparing legal papers on behalf of two separate parties in domestic relations court. The Board on the Unauthorized Practice of Law found that respondent, whose earlier attempts to represent others in legal proceedings have already resulted in an injunction and $3,500 in civil penalties, see *Cleveland Bar Assn. v. Boyd,* 112 Ohio St.3d 331, 2006-Ohio-6590, 859 N.E.2d 930, has again practiced law in violation of Ohio licensure requirements. The board recommends that we enjoin respondent from committing further illegal acts, impose $20,000 in civil penalties, and order respondent to show cause why he should not be held in contempt for failing to comply with our previous order. We agree that respondent engaged in the unauthorized practice of law and that an injunction, civil penalties, and an order to show cause are warranted.

{¶ 2} Respondent was served with relator's complaint but did not answer, and relator moved for default pursuant to Gov.Bar VII(7)(B). A panel of the board granted the motion, making findings of fact and conclusions of law and recommending injunctive relief together with $10,000 in civil penalties per case of unauthorized practice. The board adopted the panel's findings of fact, conclusions of law, and recommendation.

## Respondent Engaged in the Unauthorized Practice of Law

{¶ 3} Respondent has never been admitted to practice law in Ohio, has never been granted active status, and has never been certified to practice law here. In December 2006, he nevertheless prepared and filed a divorce complaint and an affidavit of indigency to initiate a divorce proceeding in Cuyahoga County Domestic Relations Court, charging a $160 fee. In preparing the affidavit, respondent provided none of the financial information necessary to justify a waiver of court fees and then failed to have the affidavit properly notarized. Effectively unrepresented, the party later appeared without a required proposed judgment entry at a divorce hearing and had to seek the assistance of the domestic relations court's legal department.

{¶ 4} Also in December 2006, respondent prepared and filed a complaint for legal separation and an affidavit of indigency for another party in Cuyahoga County Domestic Relations Court, charging a fee of $50. Again in preparing the affidavit, respondent provided no financial information warranting the waiver of court fees and then failed to have the affidavit properly notarized.

{¶ 5} This court has original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law. Section 2(B)(1)(g), Article IV, Ohio Constitution; *Royal Indemn. Co. v. J.C. Penney Co., Inc.* (1986), 27 Ohio St.3d 31, 34, 27 OBR 447, 501 N.E.2d 617; *Judd v. City Trust & Savs. Bank* (1937), 133 Ohio St. 81, 85, 10 O.O. 95, 12 N.E.2d 288. The unauthorized practice of law consists of rendering legal services for another by a person not admitted to practice in Ohio. Gov.Bar R. VII(2)(A). We have consistently held that the practice of law not only encompasses the drafting and preparation of pleadings filed in the courts of Ohio but also includes the preparation of legal documents and instruments upon which legal rights are secured or advanced. *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 280, 673 N.E.2d 1307; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, syllabus.

{¶ 6} A preponderance of the evidence establishes that respondent is not qualified to practice law but nevertheless prepared legal documents to be filed with the domestic relations court on behalf of others. We therefore adopt the board's finding that he engaged in the unauthorized practice of law.

## An Injunction and Civil Penalties Are Warranted

{¶ 7} Having found that respondent engaged in the unauthorized practice of law, we accept the board's recommendation to issue an injunction and prohibit respondent from preparing legal documents for others and from engaging in all other acts constituting the practice of law.

{¶ 8} We also accept the recommendation to impose the civil penalty authorized by Gov.Bar R. VII(8)(B). In reaching this determination, we weigh the factors listed in that rule and in the supplementary provisions of UPL Reg. 400(F). Weighing in favor of the civil penalty is the fact that respondent has flagrantly continued to engage in the unauthorized practice of law despite our order enjoining this conduct. Gov.Bar R. VII(8)(B)(3) and UPL Reg. 400(F)(3)(a) and (b). Respondent further prepared legal documents for filing in court and allowed others to mistakenly believe that he was admitted to the practice. UPL Reg. 400(F)(3)(f) and (g). Respondent also did not participate in the board proceedings, Gov.Bar R. VII(B)(1), and received monetary benefit from his unlicensed practice. UPL Reg. 400(F)(d).

{¶ 9} Based on the foregoing and the total absence of any mitigating factors, respondent's conduct in engaging in the unauthorized practice of law warrants the imposition of the maximum civil penalties. We thus enjoin respondent from preparing legal documents for others and from engaging in all other acts constituting the practice of law. We also order civil penalties against respondent in the amount of $10,000 with respect to each of the offenses for a total of $20,000. Finally, upon motion filed in *Cleveland Bar Assn. v. Boyd,* 112 Ohio St.3d 331, 2006-Ohio-6590, 859 N.E.2d 930, case No. 2006–1613, respondent will be ordered to appear and show cause why he should not be held in contempt of our order issued on December 20, 2006.

{¶ 10} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

Russell A. Moorhead and George A. MacDonald, for relator.