LORAIN COUNTY BAR ASSOCIATION *v.* KOCAK.

[Cite as *Lorain Cty. Bar Assn. v. Kocak*, **121 Ohio St.3d 396, 2009-Ohio-1430.**]

*Unauthorized practice of law — Preparing and filing legal papers on another's behalf — Injunction issued and civil penalty imposed.*

(No. 2008-2329 — Submitted January 21, 2009 — Decided April 2, 2009.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 07-09.

_____

**Per Curiam**.

{¶ 1} Relator, Lorain County Bar Association, filed a complaint charging that respondent, Anthony C. Kocak of Grafton, Ohio, had engaged in the unauthorized practice of law by preparing and filing legal papers on another person's behalf before the Lorain County Court of Common Pleas and the Ninth District Court of Appeals. The Board on the Unauthorized Practice of Law concluded that respondent had practiced law in violation of Ohio licensure requirements and recommended that we enjoin him from committing further illegal acts and assess $20,000 in civil penalties against him. We agree that respondent engaged in the unauthorized practice of law and that a civil penalty is warranted.

{¶ 2} Respondent, proceeding pro se, was extended time to formally answer the complaint but never did so. Instead, in January 2008, he filed a document captioned "Notice of Criminal Activity & Demand for Proof of Jurisdiction." After he was ordered to file a proper pleading, he again filed a document with the same caption. A panel of board members appointed to hear the case construed the second document as a motion to dismiss for lack of jurisdiction and ordered relator to respond. Upon receiving the response, the

panel denied the motion to dismiss, and on May 5, 2008, again ordered respondent to file an answer.

{¶ 3} Later that month, respondent returned the May 5 order with "VOID" and "Refused for FRAUD" handwritten on the face of the document. At the same time, respondent filed a document captioned "Refusal for Fraud, Declaration of Void Order & Notice of Criminal Fraud." The panel ordered this filing to be stricken as not in compliance with the panel's order.

{¶ 4} Relator then moved for default pursuant to Gov.Bar R. VII(7)(B). The panel postponed making a full disposition on the motion to allow respondent another extension of time to address the imposition of civil penalties in the case. Respondent missed the deadline for his response, and the panel disposed of the merits in full.

{¶ 5} Granting the motion for default, the panel found that respondent had engaged in the unauthorized practice of law on multiple occasions, all on behalf of the same person, and recommended injunctive relief and the assessment of $20,000 in civil penalties. The board adopted the panel's findings of fact, conclusions of law, and recommendation, and the parties have not objected to the board's report.

**Respondent Engaged in the Unauthorized Practice of Law**

{¶ 6} Respondent has never been admitted to the practice of law in Ohio and is not otherwise authorized to practice law in this state. Beginning on May 1, 2006, he nevertheless repeatedly filed papers in court on behalf of Jody M. Sanders. In *Discover Bank v. Sanders,* Lorain C.P. No. 06CV145695 ("*Discover Bank*"), a debt-collection action, respondent prepared and filed motions and other documents, citing as authority a power of attorney that Sanders had granted to him. These filings included combined motions to dismiss and for default, a counterclaim alleging violations of fair-credit-reporting and debt-collection laws, a request for production of documents, a reply to a request for discovery, motions

2

for judicial determination, a motion for findings of fact and conclusions of law, an answer, motions for reconsideration, and a motion opposing summary judgment.

{¶ 7} Respondent, having no actionable interest in the collection case, asserted his status as Sanders's legal representative in various ways. On the combined motions to dismiss and for default, he referred to himself as "Anthony C. Kocak, Defendant pro se." In a subsequent filing, respondent explained his appearance this way:

{¶ 8} "Defendant, Jody M. Sanders as **[Principal]** in good faith has lawfully surrendered her legal rights to her fiancé Anthony C. Kocak, hereinafter referred to as **[Agent]**. Anthony C. Kocak acting as Jody M. Sanders [Agent], is acting in good faith as one not trained in the art of law, while always having presented himself to this court as a pro se litigant in Ms. Sanders shoes, to represent her lawful best interest in the above captioned matter, while lawfully possessing a General Power of Attorney Document." (Bracketed material and boldface sic.)

{¶ 9} Respondent's subsequent filings in *Discover Bank* often contained a signature line for "Jody M. Sanders pro se," but following the signature was the notation "Per Ms. Sanders Consent," indicating that respondent had signed the papers. Other examples of respondent's attempts to justify his filing documents on Sanders's behalf included the following:

{¶ 10} 1. In a motion for judicial determination, respondent sought a ruling as to "whether [AGENT] Kocak can stand in Ms. Sanders shoes by appearing for her in this instant matter." (Bracketed material sic.) Respondent filed this document after attempting to appear at a pretrial hearing. He attached to the motion his affidavit recounting how he had been "turned away" from the hearing by a Lorain County Common Pleas Court staff attorney, who had confirmed respondent's inability to appear for Sanders notwithstanding the power of attorney he held.

{¶ 11} 2. In his answer to the complaint, respondent stated that the answer was by "Jody Sanders by and through her duly authorized [AGENT] Anthony C. Kocak *Pro se* * * *." (Bracketed material and boldface sic.)

{¶ 12} 3. In a motion for reconsideration, respondent asserted that "Defendant, Jody Sanders as [Principal] has an absolute God Given Unalienable Right to Contract with Anthony Kocak to be her [AGENT] or 'attorney in fact' [AIF], i.e. the attorney-in-fact- 'in the principal's name' is a **[CONTRACT]**." (Bracketed material and boldface sic.)

{¶ 13} The common pleas court ultimately granted judgment for the plaintiff in *Discover Bank*, and in early October 2006, respondent attempted to appeal on Sanders's behalf. In *Discover Bank v. Sanders,* 9th Dist. No. 06CA0009028, respondent filed a notice of appeal and a docketing statement naming respondent as a party and third-party defendant. He also filed the following notice of appearance:

{¶ 14} "The undersigned [AGENT]/attorney in Fact (See * * * P.O.A Document) hereby gives notice of his appearance as [AGENT] of record for * * * (Appellant) * * * *Rev. Anthony C. Kocak*, who is the [AGENT] in appearance of *Defendant Jody M. Sanders* in this appeal." (Bracketed material and emphasis sic.)

{¶ 15} Later that October, a magistrate of the Ninth District Court of Appeals acknowledged respondent's unlicensed status in a journal entry. The magistrate warned him not to file anything further in the appeal as Sanders's legal representative and struck those documents that he had already filed.

{¶ 16} Section 2(B)(1)(g), Article IV of the Ohio Constitution confers on this court original jurisdiction over the "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law." Our jurisdiction thus extends to regulating the unauthorized practice of law, which we do to protect the public from agents "who have not been qualified to

practice law and who are not amenable to the general discipline of the court." *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558. More specifically, we restrict the practice of law to licensed practitioners as a means to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.,* 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 17} "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio." Gov.Bar R. VII(2)(A). We have consistently held that the practice of law encompasses the drafting and preparation of pleadings filed in the courts of Ohio and includes the preparation of legal documents and instruments upon which legal rights are secured or advanced. *Akron Bar Assn. v. Greene* (1997), 77 Ohio St.3d 279, 280, 673 N.E.2d 1307; *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, syllabus.

{¶ 18} Furthermore, a general power of attorney does not grant authority to prepare and file papers in court on another person's behalf. Such legal representation can be undertaken only in compliance with applicable licensure requirements. *Ohio State Bar Assn. v. Jackim*, 121 Ohio St.3d 33, 2009-Ohio-309, 901 N.E.2d 792, ¶ 5-7, citing *Disciplinary Counsel v. Coleman* (2000), 88 Ohio St.3d 155, 724 N.E.2d 402. Because respondent did not possess the qualifications necessary to practice law in this state and nevertheless attempted to provide legal representation in court for Sanders, a preponderance of the evidence establishes that he engaged in the unauthorized practice of law.

**An Injunction and Civil Penalties Are Warranted**

**{¶ 19}** Having found that respondent engaged in the unauthorized practice of law, we accept the board's recommendation that we issue an injunction prohibiting respondent from preparing legal documents for others and from engaging in all other acts constituting the practice of law.

**{¶ 20}** We also accept the recommendation that we impose civil penalties, as authorized by Gov.Bar R. VII(8)(B). In reaching this determination, we weigh the factors listed in that rule and in the supplementary provisions of UPL Reg. 400(F). Weighing in favor of the civil penalty is the fact that respondent has flagrantly continued to engage in the unauthorized practice of law despite admonitions to cease from courts and relator. Gov.Bar R. VII(8)(B)(3) and UPL Reg. 400(F)(3)(c). Moreover, respondent prepared and filed legal documents on behalf of Sanders and appeared on her behalf for at least one court proceeding. UPL Reg. 400(F)(3)(e) and (f). His persistent refusals to cease the unlicensed practice of law no doubt also compromised Sanders's case in common pleas court and in the court of appeals. Gov.Bar R. VII(8)(B)(4). Finally, respondent did not appropriately participate in the board proceedings, Gov.Bar R. VII(8)(B)(1), and to the extent he did reply to the allegations against him, his filings before the board and correspondence with relator's representative were marked by accusations of fraud and the pursuit of a sham legal process.

**{¶ 21}** Based on the foregoing and the absence of any mitigating factors, respondent's conduct in engaging in the unauthorized practice of law warrants the imposition of civil penalties. However, based on the context in which respondent's actions occurred, the relationship of respondent to Sanders, and the probability that respondent's actions are not likely to be repeated, we impose civil penalties in an amount lower than that recommended by the board.

**{¶ 22}** We thus enjoin respondent from preparing legal documents on behalf of others for filing in court, from preparing legal documents and instruments upon which others' legal rights are secured or advanced, and from

engaging in all other acts constituting the practice of law. We also order civil penalties against respondent in the amount of $5,000 for his appearances in the Lorain County Court of Common Pleas and $5,000 for his appearances in the Ninth District Court of Appeals and suspend the payment of one-half of each penalty on the condition that respondent commit no further acts constituting the practice of law in Ohio.

{¶ 23} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

D. Chris Cook, for relator.

_____