[Cite as *Ohio State Bar Assn. v. Dalton*, 124 Ohio St.3d 514, 2010-Ohio-619.]

OHIO STATE BAR ASSOCIATION *v*. DALTON ET AL.

[Cite as *Ohio State Bar Assn. v. Dalton*,

124 Ohio St.3d 514, 2010-Ohio-619.]

*Unauthorized practice of law — Drafting of deeds — Injunction and civil penalty — Bankruptcy — Penalties for unauthorized practice of law not discharged — Proceedings to prevent unauthorized practice of law not subject to automatic stay.*

(No. 2009-1643 — Submitted November 4, 2009 — Decided March 2, 2010.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 07-06.

_____

**Per Curiam.**

{¶ 1} Relator, Ohio State Bar Association, alleged that respondents, Kimberly A. Dalton and Precision Land Title Agency, Inc. ("Precision Title"), had engaged in the unauthorized practice of law by preparing and completing two real estate general warranty deeds and by forging an attorney's signature on one of them. The Board on the Unauthorized Practice of Law agreed, concluding that the respondents had practiced law in violation of Ohio attorney licensure requirements, and recommends that we enjoin respondents from engaging in the practice of law, require respondents to disclose their clients to the relator and board and notify their clients of their conduct, and require respondents to pay a civil penalty. We agree that respondents engaged in the unauthorized practice of law, and we therefore impose the sanctions the board recommends.

**Unauthorized Practice of Law**

{¶ 2} This court has original jurisdiction over the "[a]dmission to the practice of law, the discipline of persons so admitted, and all other matters

relating to the practice of law," Section 2(B)(1)(g), Article IV, Ohio Constitution, which includes regulating the unauthorized practice of law for the purpose of protecting the public from persons and entities purporting to provide legal assistance to others but "who have not been qualified to practice law and who are not amenable to the general discipline of the court." *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 64, 52 O.O.2d 329, 262 N.E.2d 558.

{¶ 3} "The unauthorized practice of law is the rendering of legal services for another by any person not admitted to practice in Ohio under Rule I and not granted active status under Rule VI, or certified under Rule II, Rule IX, or Rule XI of the Supreme Court Rules for the Government of the Bar of Ohio." Gov.Bar R. VII(2)(A). "In *Land Title Abstract & Trust Co. v. Dworken* (1934), 129 Ohio St. 23, 1 O.O. 313, 193 N.E. 650, we made clear that the practice of law embraces the preparation of legal documents on another's behalf, including deeds which convey real property." *Disciplinary Counsel v. Doan* (1997), 77 Ohio St.3d 236, 237, 673 N.E.2d 1272.

**Bankruptcy**

*The Automatic Stay Is Not Applicable to Governmental Proceedings*

*to Prevent the Unauthorized Practice of Law*

{¶ 4} Before the board issued its final report, Precision Title was dissolved, and Dalton filed for Chapter 7 bankruptcy.

{¶ 5} The general rule is that filing for bankruptcy automatically stays the commencement or continuation of judicial and administrative actions against a debtor that were or could have been initiated prior to the bankruptcy filing to recover on a claim that arose before the filing. Section 362(a), Title 11, U.S.Code. However, under Section 362(b)(4), Title 11, U.S.Code, bankruptcy does not stay commencement or continuation of an action or proceeding by a governmental unit to enforce its police or regulatory powers. *Chao v. BDK Industries L.L.C.* (C.D.Ill.2003), 296 B.R. 165, 167; *In re Baillie*

2

(Bankr.W.D.Pa.2007), 368 B.R. 458, 466. " '[G]overnmental unit' " includes a "department, agency or instrumentality * * * of a state" that carries out a government function. Section 101(27), Title 11, U.S.Code; *In re Wade* (C.A.9, 1991), 948 F.2d 1122, 1123.

{¶ 6} The board is an instrumentality of this court charged with the obligation to investigate and prosecute the unauthorized practice of law. Gov.Bar R. VII. We have recognized that "along with [our] broad regulatory power over the practice of law comes 'the concomitant responsibility to protect the public by preventing the unauthorized practice of law.' " *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 48, quoting *Henize v. Giles* (1986), 22 Ohio St.3d 213, 217, 22 OBR 364, 490 N.E.2d 585. The board is an instrumentality of the state that is charged with protecting the public from the unauthorized practice of law. Consequently, we hold that pursuant to Section 362(b)(4), Title 11, U.S.Code, Dalton's bankruptcy does not stay these proceedings arising from the unauthorized practice of law.

*Bankruptcy Does Not Discharge the Civil Penalty*

{¶ 7} Under Section 523(a)(7), Title 11, U.S.Code bankruptcy will not discharge an individual from a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty."

{¶ 8} We can find no case that addresses whether a civil penalty imposed for engaging in the unauthorized practice of law is a penalty or fine within Section 523(a)(7), Title 11, U.S.Code. However, following the reasoning that monetary sanctions imposed in an attorney discipline case are penal, courts have reasoned that such sanctions constitute a fine, penalty, or forfeiture within the meaning of Section 523(a)(7), Title 11, U.S.Code and therefore are not discharged in bankruptcy. *In re Logal* (Bankr.N.D.Ind.2007), 381 B.R. 706, 713; *In re Bertsche*

(Bankr.S.D.Ohio 2000), 261 B.R. 436. We find this reasoning applicable herein even though this case involves the unauthorized practice of law.

{¶ 9} There is no evidence that the board imposed the civil penalty to recover a pecuniary loss. Further, the board recommends a $20,000 civil penalty because of relators' "egregious and fraudulent conduct." Therefore, we find that the civil penalty herein is a fine or penalty within Section 523(a)(7), Title 11, U.S.Code. Consequently, Dalton's bankruptcy would not discharge the board's recommended $20,000 civil penalty.

### Respondents Engaged in the Unauthorized Practice of Law

{¶ 10} In 1993, David B. Bennett, who is an attorney licensed to practice in Ohio, founded Precision Title, a title insurance company. Bennett was the sole shareholder of Precision Title. Precision Title hired Dalton as an office manager and vice president. Dalton was licensed by the Ohio Department of Insurance as a resident title agent, but she was not an attorney.

{¶ 11} In 2000, Bennett sold Precision Title to Dalton. Several years later, Bennett was informed by title insurance companies that there were problems with two deeds, identified as the Larison and Cargle deeds, that purported to have been prepared by Bennett. The Cargle deed had been prepared in 2004, and the Larison deed in 2005. The Cargle deed had the printed notation "Certified True Copy Precision Land Title Agency Inc."; the Larison deed had the handwritten notation "March 2000 sold Precision." The Larison deed also contained what purported to be Bennett's signature.

{¶ 12} However, Bennett asserted that he had had no contact with either Precision Title or Dalton after he sold Precision Title to Dalton in 2000. Consequently, Bennett asserted that he had not prepared either deed. He also asserted that he had not signed the Larison deed or given anyone permission to sign it on his behalf. Finally, Bennett asserted that in his opinion, the Cargle deed was defective.

{¶ 13} From October 1, 2007, to February 5, 2008, relator unsuccessfully attempted to serve a complaint on respondents alleging that they had engaged in the unauthorized practice of law. Meanwhile, however, relator did reach Dalton by e-mail. And on April 6, 2007, Dalton sent an e-mail to relator's counsel, which stated: "I can assure you that I would not have authorized [the Cargle] deed nor would anyone who was employed by Precision at that time have prepared a deed with Mr. Bennett's name on it deliberately."

{¶ 14} Almost a month later, Dalton sent a letter to relator's counsel in which she offered to "conclude this matter" by paying attorney Bennett for preparation of the Cargle deed.

{¶ 15} On April 28, 2008, relator served the complaint on respondents. Because respondents failed to file a responsive pleading, relator moved the board for default judgment. A panel of the board granted relator's motion for default judgment and ordered that the matter proceed pursuant to Gov.Bar R. VII(7)(E). On September 14, 2009, the board issued its final report, which concluded that respondents had engaged in the unauthorized practice of law. We agree.

{¶ 16} The copies of the Larison and Cargle deeds in evidence have notations on them referring to "Precision" or "Precision Title Agency Inc.," and both indicate that they were prepared by attorney Bennett. However, Bennett had no affiliation with Precision Title after 2000; consequently he did not prepare or sign either deed. We find that this evidence demonstrates that respondents prepared and filed both deeds and that respondents forged Bennett's signature on the Larison deed. Thus, we agree with the board that respondents engaged in the unauthorized practice of law because Dalton was not an attorney and Precision, as a corporation, cannot practice law. *Cincinnati Bar Assn. v. Mid-South Estate Planning, L.L.C.*, 121 Ohio St.3d 214, 217, 2009-Ohio-747, 903 N.E.2d 295, quoting the board report and citing *Judd v. City Trust & Sav. Bank* (1937), 133 Ohio St. 81, 10 O.O. 95, 12 N.E.2d 288 (" 'With limited exception, a corporation

may not give legal advice, directly or indirectly, through its employees or attorney employees' ").

{¶ 17} Dalton's e-mail claims that the appearance of Bennett's name on the Cargle deed must have been a mistake. However, Dalton's claim lacks credibility because 19 months after preparing the Cargle deed under Bennett's name, respondents prepared the Larison deed again under Bennett's name and this time forged his signature to the deed as well. We find that this conduct suggests that respondents' actions regarding both deeds were intentional.

{¶ 18} Accordingly, we find that respondents engaged in the unauthorized practice of law by preparing and filing the Larison and Cargle deeds and by forging Bennett's signature on the Larison deed.

**Sanctions**

{¶ 19} Having found that respondents engaged in the unauthorized practice of law, we now examine the sanctions recommended by the board.

{¶ 20} The board recommends that we enjoin the respondents from engaging in the unauthorized practice of law and that we order respondents to disclose their clients to the relator and board and notify them of respondents' unauthorized practice of law. Pursuant to Gov.Bar R. VII(8)(B), the board also recommends that we assess a civil penalty against respondents. In recommending a civil penalty, the board adopted the panel's weighing of the civil-penalty factors in Gov.Bar R. VII(8) and UPL Reg. 400. However, due to respondents' "egregious and fraudulent conduct in the use of Attorney Bennett's name and signature on the deeds in question, Dalton's offer of payment to 'conclude the matter,' Respondents' disregard for the Board's proceedings, and their refusal to cooperate with Relator, which has prevented Relator from identifying any other deeds Respondents may have prepared," the board recommends a civil penalty of $20,000.

{¶ **21**} We adopt the board's recommended sanctions. Accordingly, we enjoin respondents and their officers, agents, employees, successors, and assigns from drafting deeds or otherwise engaging in the unauthorized practice of law. We also order respondents to disclose to the board and the relator, within 30 days of the court's order, the names and addresses of all of respondents' clients named as grantor or grantee in any deed or other legal instrument prepared by respondents and the names and addresses of any lenders or title insurance companies involved in the transaction. Finally, we order respondents, within 60 days of the court's order, to notify in writing each of respondents' clients named as grantor or grantee in any deed or other legal instrument respondents prepared and any lender or title insurance company involved in the transaction. Each notice should indicate that respondents engaged in the unauthorized practice of law by preparing deeds purporting to convey real estate and should include copies of the board's final report and the court's opinion. Finally, we impose a civil penalty of $20,000 ($10,000 for each deed prepared by respondents) against respondents, jointly and severally. Costs are taxed to respondents.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Fitch, Kendall, Cecil, Robinson & Barry Co., L.P.A., and Ian Robinson; and Eugene P. Whetzel, General Counsel, for relator.

_____