CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. MCGINNIS.

[Cite as *Cleveland Metro. Bar Assn. v. McGinnis,* 137 Ohio St.3d 166, 2013-Ohio-4581.]

*Unauthorized practice of law—Preparing documents for court proceeding and distributing flyer advertising legal services—Injunction issued and civil penalty imposed.*

(No. 2013-0111—Submitted April 10, 2013—Decided October 22, 2013.)

ON FINAL REPORT by the Board on the Unauthorized Practice of Law of the Supreme Court, No. UPL 11-05.

_____

**Per Curiam**.

{¶ 1} Relator, Cleveland Metropolitan Bar Association, charged respondent, Forrestine E. McGinnis of Lakewood, Ohio, with the unauthorized practice of law for preparing two court documents and distributing a flyer advertising legal services. McGinnis is not, and never has been, admitted to the practice of law in Ohio.

{¶ 2} Even though McGinnis had initially met and communicated with relator regarding the allegations against her, she did not answer the complaint, and relator moved for an entry of default. Based on the affidavits submitted with relator's motion, a three-member panel of the Board on the Unauthorized Practice of Law issued findings of fact and conclusions of law and determined that McGinnis had violated Ohio's licensure requirements. The panel recommended that we enjoin McGinnis from committing further illegal acts and assess a $20,000 civil penalty. The board adopted the panel's findings and recommended penalty, and no objections have been filed to the board's report.

**{¶ 3}** We agree that McGinnis engaged in the unauthorized practice of law and that an injunction is warranted. However, consistent with our precedent in comparable unauthorized-practice-of-law cases, we assess a $6,000 civil penalty.

### McGinnis's Unauthorized Practice of Law

**{¶ 4}** Based on the sworn affidavits in the record, the board found that McGinnis had prepared an answer on behalf of grievant, Stephen Johnson, for an eviction action in the Cleveland Municipal Court, prepared a notice of appeal on Johnson's behalf for his appeal in that eviction case, and accepted $40 from Johnson for transportation and parking fees to attend hearings with him. In addition, McGinnis gave Johnson a flyer reading: "Forrestine's Law, Inc. Avoid expensive attorney fees 216-351-XXXX." Johnson claims that he also saw the flyer posted at a local library. Based on these findings, the board determined that McGinnis had engaged in the unauthorized practice of law.

**{¶ 5}** We agree. The unauthorized practice of law is defined as "[t]he rendering of legal services for another by any person not admitted to practice in Ohio." Gov.Bar R. VII(2)(A)(1); *Cleveland Bar Assn. v. Pearlman*, 106 Ohio St.3d 136, 2005-Ohio-4107, 832 N.E.2d 1193, ¶ 7. The rendering of legal services includes "the drafting and preparation of pleadings filed in the courts of Ohio." *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 17; *see also Geauga Cty. Bar Assn. v. Haig*, 129 Ohio St.3d 601, 2011-Ohio-4271, 955 N.E.2d 352, ¶ 2 (unauthorized practice of law includes "the preparation of legal documents for others"). In addition, the unauthorized practice of law includes "[h]olding out to the public or otherwise representing oneself as authorized to practice law in Ohio by a person not authorized to practice law." Gov.Bar R. VII(2)(A)(4). The term "holding out" means the use of "law" or "law office" by any person who is not licensed to practice law in connection with a sign, advertisement, circular, or other document, "the evident

purpose of which is to induce others to believe that person to be an attorney." R.C. 4705.07(B)(1).

{¶ 6} McGinnis did not possess the qualifications necessary to practice law in this state, yet a preponderance of the evidence shows that she prepared two legal pleadings for filing in court and distributed a flyer advertising her services as "Forrestine's Law, Inc." Accordingly, we accept the board's findings that McGinnis has engaged in the unauthorized practice of law.

### Sanction

{¶ 7} Having found that McGinnis engaged in the unauthorized practice of law, we accept the board's recommendation that we issue an injunction prohibiting her from preparing legal documents for others, holding herself out as authorized to practice law, and engaging in all other acts constituting the practice of law.

{¶ 8} We also accept the recommendation that we impose a civil penalty. Under Gov.Bar R. VII(19)(D)(1)(c), we may impose a civil penalty "for an amount greater or less than the amount recommended by the Board, but not to exceed ten thousand dollars per offense." The board recommends that we impose a $5,000 civil penalty for each pleading that McGinnis prepared and the $10,000 maximum penalty for McGinnis's flyer, for a total of $20,000. Based on McGinnis's misconduct here, the relevant factors in Gov.Bar R. VII(8)(B), and our precedent, we find that McGinnis should be fined $1,000 for each pleading and $4,000 for the flyer, for a total of $6,000.

*Gov.Bar R. VII(8)(B) factors*

{¶ 9} Gov.Bar R. VII(8)(B) requires us to consider the following five factors in imposing a civil penalty.

{¶ 10} (1) Degree of cooperation. McGinnis initially communicated and even met with relator during the early stages of its investigation. But after agreeing to a deposition date, she failed to appear, and she later failed to

participate in the board proceedings. In addition, McGinnis's communications with relator were not always coherent and included many astrological references that were not directly responsive to relator's inquiries. For example, in one correspondence, she declared that she had received relator's letter "when two planets were in opposition to my North Node." In another letter, she stated that she had forwarded relator's communications to her "tribunal for a diagnoses of any and all infarctions [sic] that I've committed against the United Nations declarations on human, indigenous, and stateless people rights." And in response to relator's request for documents relating to her research, she submitted a document entitled "Perpetual Universal Charter of the Moabite Nation."

{¶ 11} (2) Number of violations. As explained above, McGinnis committed three acts constituting the unauthorized practice of law: (1) the preparation of an answer for filing in court, (2) the preparation of a notice of appeal for filing in court, and (3) holding herself out in a flyer as authorized to practice law. The acts were not widespread, as all three related to one individual—grievant Johnson—and the two pleadings were filed in his eviction action.

{¶ 12} (3) and (4) Flagrancy of the violations and harm to third parties. In its analysis, the board considered these two factors particularly relevant, finding that McGinnis "continued to market her services as a person qualified to practice law in Ohio even after commencement of this action," "Johnson's legal rights were undoubtedly affected when [McGinnis] prepared pleadings on his behalf," and "[McGinnis] may have at least one other client on whose behalf she engages in the unauthorized practice of law." In reaching these conclusions, the board did not cite the record, and we are unable to find conclusive evidence in the record demonstrating that McGinnis continued her illegal acts after commencement of this action or that she has another "client." Based on the sworn record evidence, McGinnis's offenses affected only Johnson, and his

4

affidavit states that McGinnis handled his appeal, "which she did wrong." But Johnson did not further explain how McGinnis's actions harmed him or affected his legal rights. Without more evidence, it is difficult for us to weigh these two factors in considering either a harsher or a more lenient civil penalty.

{¶ 13} (5)  Other relevant factors.  The board's regulations list aggravating and mitigating factors that may be used in weighing Gov.Bar R. VII(8)(B)'s final catchall factor. UPL Reg. 400(F). We find that in aggravation, McGinnis prepared two legal instruments for filing with a court and allowed others to mistakenly believe that she was admitted to practice law. *See* UPL Reg. 400(F)(3)(f) and (g). In mitigation, in McGinnis's letters, she admitted to the conduct under review by acknowledging that she had prepared Johnson's answer for his municipal court case. *See* UPL Reg. 400(F)(4)(b). However, we do not give much weight to this mitigating factor as McGinnis also declared that "[t]he practice of law can not be licensed by any State."

*Applicable precedent*

{¶ 14} We generally reserve the $10,000 maximum civil penalty for the most egregious acts constituting the unauthorized practice of law. For example, in *Disciplinary Counsel v. Pratt*, 127 Ohio St.3d 293, 2010-Ohio-6210, 939 N.E.2d 170, we imposed the maximum penalty for each of six acts occurring over a two-year period, including the respondent's representations to multiple people that he was a licensed attorney, his acceptance of over $72,000 in legal fees, and his performance of various legal services, including drafting and reviewing contracts and negotiating a settlement. *Id.* at ¶ 4-15, 19. In *Ohio State Bar Assn. v. Dalton*, 124 Ohio St.3d 514, 2010-Ohio-619, 924 N.E.2d 821, we imposed the maximum penalty of $10,000—$20,000 for two acts—on a title agent who, in addition to refusing to cooperate in the board proceedings, prepared and filed two deeds and forged an attorney's name on one. And in *Cleveland Metro. Bar Assn. v. Boyd*, 121 Ohio St.3d 36, 2009-Ohio-305, 901 N.E.2d 795, we imposed the

maximum penalty of $10,000—$20,000 for two acts—for preparing and filing complaints in two separate domestic-relations actions, receiving a fee for those services, and failing to participate in the board proceedings. And Boyd was a repeat offender; the fact that he "flagrantly continued to engage in the unauthorized practice of law despite our order enjoining [his] conduct" contributed to the assessment of the maximum $20,000 penalty. *Id.* at ¶ 8.

{¶ 15} In contrast, we routinely assess a lower penalty when the acts are less frequent, less flagrant, or involve fewer victims—even in cases in which the respondent does not appear or fully cooperate in the board proceeding. For example, in *Lorain Cty. Bar Assn. v. Kocak*, 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, the respondent prepared, filed, and signed numerous legal documents in a debt-collection action, in both the trial court and the appellate court, and he continued to engage in this conduct despite admonitions from those courts. *Id.* at ¶ 20. Nonetheless, we reduced the board's recommended maximum penalty of $20,000 to $10,000—$5,000 for his appearances and copious filings in each court—because the respondent's actions were on behalf of his fiancée and not likely to be repeated. *Id.* at ¶ 21. In *Ohio State Bar Assn. v. Heath*, 123 Ohio St.3d 483, 2009-Ohio-5958, 918 N.E.2d 145, the respondent prepared documents threatening legal action on behalf of a friend and also prepared, filed, and signed a series of legal papers in municipal court for this friend. The respondent defended himself against the relator's charges with "unfounded and often nonsensical arguments," such as referring to his name as a "fiction." *Id.* at ¶ 2, 32. We nonetheless reduced the board's recommended penalty of $15,000 to $1,000 because the respondent was merely trying to help a friend, he had not charged the friend, and he stated that he had ceased all unlicensed practice of law. *Id.* at ¶ 30-33. Similarly, in *Disciplinary Counsel v. Kafele*, 108 Ohio St.3d 283, 2006-Ohio-904, 843 N.E.2d 169, the respondent filed and signed numerous "irregular" legal documents in a mortgage-foreclosure action on behalf of a limited-liability

company. The respondent participated in the board proceeding but refused to testify and argued mistaken identity. *Id.* at ¶ 8, 13. We reduced the board's recommended penalty of $10,000 to $1,000 based on the relatively few acts of unauthorized legal practice and the little harm caused by his conduct, and because the respondent did not perform the acts for profit. *Id.* at ¶ 18-20.

{¶ 16} Finally, it must be noted that even in default proceedings, we have not always imposed a civil penalty for the unauthorized preparation of legal pleadings. For example, in *Geauga Cty. Bar Assn. v. Haig*, 129 Ohio St.3d 601, 2011-Ohio-4271, 955 N.E.2d 352, a loan officer prepared four answers and three motions on behalf of customers in two foreclosure cases. We refrained from imposing a penalty because the respondent's actions did not cause any harm and in a letter to the relator, he had admitted his actions and explained that he was unaware that he was violating the law. *Id.* at ¶ 6-9.

*Conclusion*

{¶ 17} Having reviewed the record, the Gov.Bar R. VII(8)(B) factors, and the penalties imposed in comparable unauthorized-practice-of-law cases, we find that the board's recommended penalty is too high and inconsistent with our precedent. Unlike the respondents in many of the cases cited above, McGinnis engaged in relatively few acts constituting the unauthorized practice of law. She prepared only two legal documents, and they were both for the same person in his eviction action. And it does not appear that she completed the documents for profit, because she received only $40 to cover her transportation and parking costs. Consistent with *Heath* and *Kafele*, we find that a $1,000 penalty for each pleading is appropriate. McGinnis's flyer, however, suggests that she attempted to commit illegal acts on behalf of others, and a harsher penalty is warranted to discourage this kind of conduct. We find that a $4,000 penalty is appropriate for this act of unauthorized practice of law.

**{¶ 18}** Accordingly, we enjoin McGinnis from engaging in any further acts that constitute the unauthorized practice of law, and we also impose a civil penalty against McGinnis in the amount of $6,000.  Costs and expenses are taxed to McGinnis.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL, J., concurs in judgment only.

O'NEILL, J., concurs in part and dissents in part.

_____

**O'NEILL, J., concurring in part and dissenting in part.**

**{¶ 19}** I concur with the majority except I would impose a civil penalty of $3,000 instead of $6,000.

_____

John A. Hallbauer, Michael P. Harvey, and Heather M. Zirke, for relator.

_____