DISCIPLINARY COUNSEL *v.* BROWN.

[Cite as *Disciplinary Counsel v. Brown,*
142 Ohio St.3d 459, 2015-Ohio-1819.]

(No. 2014–1494—Submitted January 14, 2015—Decided May 19, 2015.)

———————

**Per Curiam.**

{¶ 1} On June 25, 2013, relator, disciplinary counsel, filed a complaint alleging that respondent, Betty J. Brown of Eastlake, Ohio, had engaged in three counts of the unauthorized practice of law by preparing documents and filing them on behalf of others in the Cuyahoga County Court of Common Pleas. Brown did not respond to the complaint or to relator's motion for default, which was supported with sworn or certified evidence in accordance with Gov.Bar R. VII(7)(B). The Board on the Unauthorized Practice of Law granted the default motion, found that Brown had engaged in the unauthorized practice of law, and recommends that we enjoin her from performing further legal services as well as impose a $7,000 civil penalty.

{¶ 2} We agree that Brown engaged in the unauthorized practice of law and that an injunction and civil penalties are warranted.

## Brown's Conduct

{¶ 3} Brown has never been admitted to the practice of law in Ohio and is not otherwise authorized to practice law in this state.

{¶ 4} Relator's evidence demonstrates that Brown filed multiple documents in three separate cases in the Cuyahoga County Court of Common Pleas and that in some of those documents, she identified herself as attorney-in-fact for the plaintiff. The case underlying the allegations in Count 1, *Schwartz v. Lord,* case No. CV–09–706768, began with a complaint seeking damages from and injunctive relief against six employees of the Mayfield Heights police and fire departments based on their alleged removal of Evelyn Schwartz from her home against her will. Brown signed the complaint as a notary, attesting to Schwartz's signature. Brown later filed a document titled "Writ of Error Quae Coram Nobis Residant," which states, "This court vacates all rulings and decisions entered in this case by the Honorable LANCE T MASON * * *, including but not limited to; the docketed journal entry in this case denying plaintiffs [sic] motion to strike defendants [sic] answers." The document further cautions the judge against entering further rulings "without leave of this court," and it bears the alleged signature of Evelyn R. Schwartz as "private attorney" and is signed by "Betty–Janet: Brown" as attorney-in-fact for Schwartz.

{¶ 5} In a November 25, 2009 entry, the court acknowledged receipt of correspondence filed by Brown on Schwartz's behalf that the court interpreted as a request that the court vacate a prior order in the case. The court denied the request and advised, "Ms. Brown is engaging in the unauthorized practice of law. The unauthorized practice of law occurs when a person not licensed or otherwise permitted to practice law in Ohio renders legal services on another's behalf." The court similarly admonished Brown's conduct in a February 2, 2010 entry, in which it dismissed the underlying action and ordered that costs be taxed to Brown.

{¶ 6} The case underlying the allegations in Count 2, *Schwartz v. Cuyahoga Cty. Adult Protective Servs.,* case No. CV–09–705794, alleged that Cuyahoga County Adult Protective Services ("APS") and ten other individually named defendants trespassed on Schwartz's property and sequestered her in an adult-care facility over her express objections. Brown signed the complaint as a notary, but a later filing, titled "Replication to Defendant Nelli Johnson" bore both the alleged signature of Schwartz and Brown's signature as Schwartz's attorney-in-fact.

{¶ 7} In support of their motion to strike all documents that Brown had filed in the case, the defendants attached a certified copy of an ex parte order issued by the Cuyahoga County Court of Common Pleas, Probate Division, that declared Schwartz incapacitated, authorized APS to provide protective services for her, and restrained Brown from having any contact with Schwartz or interfering with the services being provided to her. The common pleas court dismissed the complaint, granted the defendants' motion to strike all documents filed by Brown, and determined that she had engaged in the unauthorized practice of law.

{¶ 8} In the case underlying the allegations in Count 3, *Betty–Janet: Brown as POA for Dean M. Marinpietri v. Baron,* case No. CV–10–722577, Brown alleged that Schwartz's court-appointed guardian had taken unlawful possession of Schwartz's house and property from Dean Marinpietri, who she claimed had a right to possess them. Brown identified herself as Marinpietri's "durable POA" in the complaint and signed that document, as well as a later petition for emergency injunction, as "POA, attorney in fact for Dean Marinpietri."

{¶ 9} Schwartz's court-appointed guardian answered the complaint, stating that Schwartz had been diagnosed with dementia and that he was required to sell her home. He further explained that he had given Marinpietri, who was incarcerated, and Brown ample notice to remove Marinpietri's property from Schwartz's residence.

{¶ 10} Relator submitted the affidavit of J. Michael Goldberg, staff attorney for Judge Joan Synenberg, who conducted a pretrial conference in the matter. Goldberg averred that Brown had not only appeared before him but had also confirmed that she had prepared the complaint in the case. He further reported that when he advised Brown that she needed to be a licensed attorney to represent another person in a legal proceeding, she replied that she was a sovereign citizen and had the right to file the lawsuit. Judge Synenberg ultimately found that the complaint stated claims on behalf of Marinpietri but failed to state any claim on Brown's own behalf. Therefore, the judge struck the complaint and other documents Brown had filed, on the ground that she had engaged in the unauthorized practice of law.

## Brown Engaged in the Unauthorized Practice of Law

{¶ 11} The Supreme Court of Ohio has original jurisdiction regarding admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law in Ohio. Article IV, Section 2(B)(1)(g), Ohio Constitution; *Royal Indemn. Co. v. J.C. Penney Co., Inc.,* 27 Ohio St.3d 31, 34, 501 N.E.2d 617 (1986). Accordingly, the court has exclusive jurisdiction to regulate the unauthorized practice of law in Ohio. *Greenspan v. Third Fed. S. & L. Assn.,* 122 Ohio St.3d 455, 2009-Ohio-3508, 912 N.E.2d 567, ¶ 16; *Lorain Cty. Bar Assn. v. Kocak,* 121 Ohio St.3d 396, 2009-Ohio-1430, 904 N.E.2d 885, ¶ 16.

The purpose of that regulation is to "protect the public against incompetence, divided loyalties, and other attendant evils that are often associated with unskilled representation." *Cleveland Bar Assn. v. CompManagement, Inc.*, 104 Ohio St.3d 168, 2004-Ohio-6506, 818 N.E.2d 1181, ¶ 40.

{¶ 12} The unauthorized practice of law is the rendering of legal services for another by any person not admitted or otherwise certified to practice law in Ohio. Gov.Bar R. VII(2)(A). This includes the " 'preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and the courts.' " *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28, 193 N.E. 650 (1934), quoting *People v. Alfani*, 227 N.Y. 334, 337–338, 125 N.E. 671 (1919). The unauthorized practice of law also encompasses the representation of another during discovery, settlement negotiations, and pretrial conferences. *See, e.g., Ohio State Bar Assn. v. Kolodner*, 103 Ohio St.3d 504, 2004-Ohio-5581, 817 N.E.2d 25 (negotiating collection claims on behalf of debtors is the practice of law); and *Disciplinary Counsel v. Brown*, 99 Ohio St.3d 114, 2003-Ohio-2568, 789 N.E.2d 210 (participating in pretrial conferences and depositions on another's behalf is the practice of law).

{¶ 13} The board found that relator proved by a preponderance of the evidence that Brown had engaged in the unauthorized practice of law. Relator has proved that Brown prepared for others legal documents that were then filed in the Cuyahoga County Court of Common Pleas and also appeared at a pretrial conference on behalf of another. Therefore, we agree that she engaged in the unauthorized practice of law.

## An Injunction and Civil Penalties Are Warranted

{¶ 14} Having found that Brown engaged in the unauthorized practice of law, we accept the board's recommendation that we issue an injunction prohibiting Brown from performing legal services in the state of Ohio unless and until she secures a license to practice law and registers in accordance with the Rules for the Government of the Bar of Ohio.

{¶ 15} Relator has requested that we impose a civil penalty of $10,000 for each count, for a total of $30,000. After weighing the aggravating and mitigating factors set forth in Gov.Bar R. VII(8)(B) and UPL Reg. 400(F), however, the board recommends that we assess a $7,000 civil penalty against Brown—$1,000 each for Counts 1 and 2, and $5,000 for Count 3.

{¶ 16} In support of that recommendation, the board found that although Brown timely responded to relator's initial letter of inquiry, she refused to submit to a deposition, challenged the board's jurisdiction over her, and declared that the allegations against her were frivolous and meant to harass her. Despite being

served with a copy of the complaint, she failed to file an answer. She also failed to participate in the initial status conference and failed to respond to relator's motion for default—even after the panel offered her additional time to do so. Indeed, her only submission to the board was a letter, in which she stated, "You all/both have ignored my answer and therefore denied me due process of law. As such you have lost your assumed subject matter jurisdiction and have no lawful means to default me. Please leave me alone." *See* Gov.Bar R. VII(8)(B)(1).

{¶ 17} The board found that Brown had not only engaged in the unauthorized practice of law by filing documents in three separate cases and attending a pretrial conference in one, but also had "demonstrate[d] her intent to manipulate and circumvent the rules regulating the practice of law," despite having been admonished by two judges for her conduct. *See* Gov.Bar R. VII(8)(B)(2) and (3); UPL Reg. 400(F)(3)(c), (e), and (f). Brown's conduct also caused harm to numerous defendants named in her complaints and wasted judicial resources to address her frivolous litigation. *See* Gov.Bar R. VII(8)(B)(4).

{¶ 18} The only mitigating factor that the board noted was that there was no evidence that Brown had engaged in the unauthorized practice of law after June 2010. *See* UPL Reg. 400(F)(4)(a).

{¶ 19} The board's recommendation that we impose a civil penalty of $1,000 for Brown's unauthorized practice of law in Counts 1 and 2 for a total of $2,000 is consistent with *Cleveland Metro. Bar Assn. v. McGinnis,* 137 Ohio St.3d 166, 2013-Ohio-4581, 998 N.E.2d 474. In that case, we imposed a $1,000 civil penalty for each of two instances in which the respondent drafted a pleading for another.

{¶ 20} But noting that Brown filed a complaint and petition for emergency injunction in the Marinpietri matter after she had been clearly admonished by two Cuyahoga Court of Common Pleas Court judges for her unauthorized practice of law, and that she claimed she had the right to file the lawsuit as a "sovereign citizen," the board recommends that we impose a $5,000 civil penalty with respect to Count 3. That recommendation is consistent with *Disciplinary Counsel v. Bukstein,* 139 Ohio St.3d 230, 2014-Ohio-1884, 11 N.E.3d 237, in which we imposed a $5,000 civil penalty for each of two counts of the unauthorized practice of law against a respondent who made legal arguments on behalf of parties in two domestic-relations cases. Bukstein held herself out as a "civil rights advocate," drafted a motion for a party to sign pro se, and sent communications demanding discovery.

{¶ 21} We accept the recommendation of the board. Therefore, Betty J. Brown is enjoined from performing legal services in the state of Ohio unless and until she secures a license to practice law and registers in accordance with the

Rules for the Government of the Bar in Ohio. We also order Brown to pay civil penalties of $7,000. Costs are taxed to Brown.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Scott J. Drexel, Disciplinary Counsel, and Donald M. Scheetz, Assistant Disciplinary Counsel, for relator.