[Cite as *State v. Handcock*, 2016-Ohio-7096.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 2008-CR-166 |
| | : | |
| JAMES HANDCOCK, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JAMES HANDCOCK, JR., Inmate No. 587-233, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, James Handcock, Jr., appeals pro se from a decision of the Clark County Court of Common Pleas rejecting his motion requesting permission to file a successive petition for post-conviction relief.   For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} In 2008, Handcock was charged by indictment with three counts of felonious assault, one count of discharging a firearm on or near prohibited premises, one count of having weapons while under disability, one count of carrying a concealed weapon, and one count of tampering with evidence.   Handcock originally entered a plea of not guilty by reason of insanity ("NGRI") and raised the issue of his competency to stand trial.   The trial court thereafter ordered Handcock to undergo a competency evaluation, which indicated that he was indeed competent to stand trial.

{¶ 3} Following Handcock's competency determination, the trial court held a two-day jury trial.   At trial, the State dismissed the tampering with evidence charge and the trial court dismissed the discharging a firearm charge.   The jury then convicted Handcock of one felonious assault charge with a firearm specification and acquitted him of the other two felonious assault charges.   Handcock was also convicted of carrying a concealed weapon and having weapons while under disability.   The trial court imposed a prison term of 3 years for the firearm specification, 8 years for felonious assault, 5 years for having weapons while under disability, and 18 months for carrying a concealed weapon, all to be served consecutively, for a total sentence of 17.5 years in prison.

{¶ 4} Handcock thereafter appealed from his conviction alleging that his felonious assault conviction was against the manifest weight of the evidence.   In addition, we

permitted supplemental briefing on issues concerning Handcock's NGRI plea. After reviewing these issues, we affirmed Handcock's conviction. *State v. Handcock*, 2d Dist. Clark No. 2008 CA 85, 2009-Ohio-4327 (*Handcock* I).

{¶ 5} In 2010, Handcock moved the trial court to vacate his sentence on grounds that it was void. Handcock argued that his sentence was void because: (1) the trial court failed to make statutory findings before imposing consecutive sentences; and (2) he was not correctly informed at sentencing regarding post-release control. The trial court overruled the motion to vacate and Handcock appealed. We affirmed the trial court's decision. *State v. Handcock*, 2d Dist. Clark No. 2010 CA 76, 2011-Ohio-2559 (*Handcock* II).

{¶ 6} In 2012, Handcock filed a second motion to vacate his sentence. In that motion, Handcock noted that the verdict form for carrying a concealed weapon neither specified the degree of the offense, nor set forth facts making the offense a fourth-degree felony, as opposed to a first-degree misdemeanor, which is the default offense level for carrying a concealed weapon. R.C. 2923.12(F)(1). Handcock argued that his trial counsel was ineffective for having failed to raise that issue at trial, rendering his conviction for carrying a concealed weapon as a fourth-degree felony void. The trial court overruled the motion to vacate and Handcock once again appealed. We affirmed the trial court's decision, finding that Handcock's claim was barred by res judicata. *State v. Handcock*, 2d Dist. Clark No. 2012-CA-87, 2013-Ohio-3275 (*Handcock* III).

{¶ 7} On January 11, 2016, Handcock filed the motion subject of this appeal, a motion requesting permission to file a successive petition for post-conviction relief pursuant to R.C. 2953.23. In support of this motion, Handcock argued that he received

ineffective assistance of counsel because his trial counsel did not challenge his competency evaluation or request an independent competency evaluation by an unbiased examiner.

{¶ 8} Although signed by Handcock, the motion at issue indicates that an inmate named Robert Hillman prepared the motion on Handcock's behalf. An affidavit signed by Hillman was attached to the motion averring that: (1) Handcock was unable to represent himself in the matter due to a mental disorder and lack of legal skills; (2) no public defender was available to assist Handcock with his legal filings; (3) Handcock could not afford legal counsel; and (4) Hillman was not attempting to illegally practice law by assisting Handcock with the motion.

{¶ 9} On January 28, 2016, the trial court issued an entry indicating that it would not accept Handcock's motion on grounds that it was filed by an inmate engaged in the unauthorized practice of law. Handcock now appeals from that decision, raising the following single assignment of error for review:

> THE APPELLANT WAS DENIED HIS 1ST, 5TH, 6TH, AND 14TH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, WHERE HE WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DURING THE PRE-TRIAL INVESTIGATIVE STAGES.

{¶ 10} Under his sole assignment of error, Handcock claims that he received ineffective assistance of counsel because his trial counsel did not challenge his competency evaluation that was submitted to the trial court or request an independent competency evaluation. Handcock does not address the fact that the trial court did not rule on the merits of his motion requesting permission to file a successive petition for post-

conviction relief, but rather rejected the motion on grounds that it was prepared by an inmate engaged in the unauthorized practice of law.

{¶ 11} " '[A] trial judge has the ethical duty to prevent unauthorized practice of law[.]' " *State v. Kielar*, 2d Dist. Miami No. 95-CA-34, 1996 WL 200612, *3 (Apr. 19, 1996), quoting *State v. Harding*, 3d Dist. Marion No. 9-93-8, 1993 WL 312905, *2 (Aug. 19, 1993). "The unauthorized practice of law occurs when a person who is not admitted to the Ohio bar or otherwise certified to practice law by the Supreme Court provides legal services to another person in this state." *Lorain Cty. Bar Assn. v. Zubaidah*, 140 Ohio St.3d 495, 2014-Ohio-4060, 20 N.E.3d 687, ¶ 44, citing Gov.Bar R. VII(2)(A). This includes the " ' "preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and the courts." ' " *Disciplinary Counsel v. Brown*, 142 Ohio St.3d 459, 2015-Ohio-1819, 32 N.E.3d 444, ¶ 12, quoting *Land Title Abstract & Trust Co. v. Dworken*, 129 Ohio St. 23, 28, 193 N.E. 650 (1934), quoting *People v. Alfani*, 227 N.Y. 334, 337-338, 125 N.E. 671 (1919). "As an appropriate remedy a court may strike a filing by a non-attorney." *State v. Block*, 8th Dist. Cuyahoga No. 87488, 2007-Ohio-1979, ¶ 6, citing *Union Sav. Assn. v. Home Owners Aid, Inc.*, 23 Ohio St.2d 60, 262 N.E.2d 558 (1970). (Other citations omitted.) Therefore, any filing by a non-attorney is viewed as a legal nullity. (Citation omitted.) *Kessler v. Totus Tuus, L.L.C.,* 11th Dist. Ashtabula No. 2008-A-0011, 2009-Ohio-1147, ¶ 8.

{¶ 12} Nevertheless, the Supreme Court of Ohio has recognized that while the activities of "jailhouse lawyers," such as Robert Hillman, would clearly be considered the unauthorized practice of law if performed outside the confines of the prison system, such

practice may only be curtailed if the prison at issue provides its inmates with "a reasonable alternative to assistance from jailhouse lawyers." *Disciplinary Counsel v. Cotton*, 115 Ohio St.3d 113, 2007-Ohio-4481, 873 N.E.2d 1240, ¶ 8, citing *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969).

{¶ 13} In this case, we need not address the issue of whether Handcock had a reasonable alternative to a "jailhouse lawyer" because regardless of that issue, it is clear that the ineffective assistance claim raised in Handcock's motion is barred by res judicata. "Any ineffective assistance claim relating to matters contained within the record should be brought through a direct appeal." *State v. Lane*, 2d Dist. Greene No. 2014-CA-54, 2015-Ohio-2712, ¶ 13, citing *State v. Wilson*, 2d Dist. Montgomery No. 23129, 2013-Ohio-180, ¶ 47-48. If an alleged claim of ineffective assistance " 'could have been raised and fully litigated on direct appeal, the issue is res judicata and may not be litigated in a post[-]conviction proceeding.' " *Id.*, quoting *State v. Franklin*, 2d Dist. Montgomery No. 19041, 2002-Ohio-2370, ¶ 9, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶ 14} As previously discussed, Handcock claimed his trial counsel provided ineffective assistance by failing to challenge the competency evaluation submitted to the trial court and by failing to request an independent competency evaluation. This claim clearly relates to matters within the record and could have been raised during Handcock's direct appeal. Accordingly, it is barred by res judicata. Therefore, even if we assume arguendo that the trial court should not have rejected Handcock's motion on the basis of unauthorized practice of law, the trial court nevertheless properly rejected Handcock's motion. *See State v. Hall*, 2d Dist. Miami No. 97 CA 22, 1997 WL 691509, *1 (Oct. 24,

1997), citing *Newcomb v. Dredge*, 105 Ohio App. 417, 152 N.E.2d 801 (2d Dist.1957) ("[i]f a trial court has stated an erroneous basis for its judgment, an appellate court will affirm the judgment if it is legally correct on other grounds, that is, when it achieves the right result for the wrong reasons").

{¶ 15} Handcock's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, P.J. and FAIN, J., concur.

Copies mailed to:

Megan M. Farley
James Handcock, Jr.
Hon. Douglas M. Rastatter